**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:23-CR-180** |
| | : | |
| **RANDY J. CROONE,** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter comes before the Court on Defendant Randy J. Croone's Pro Se Motion to Correct Presentencing Investigation Report. (ECF No. 39). The Government opposes the Motion. For the reasons set forth below, the Motion is **DENIED.**

On February 16, 2024, Mr. Croone pled guilty to two counts of distribution of methamphetamine. (ECF No. 25). Following his guilty plea, on August 12, 2024, this Court sentenced Mr. Croone to a seventy-two (72) month term of imprisonment to be followed by a three (3) year term of supervised release. In this current Motion, Mr. Croone requests that this Court correct his sentencing credits to reflect the time that he was in federal custody prior to sentencing. (ECF No. 39 at 1). Specifically, Croone contends that he did not receive pre-trial credit for the time he served from October 31, 2023, to August 9, 2024. (*Id.*).

Notably, however, this Court lacks jurisdiction to award Mr. Croone's sought relief. Because it is the responsibility of the BOP to calculate sentence credits, "[i]t falls, therefore, to the BOP, not the district court, to determine when a sentence is deemed to commence and whether a defendant receives credit for time served." *United States v. Massey-Lovejoy*, 2024 WL 712348, at *1 (N.D. Ohio Feb. 21, 2024) (citing *United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007)).

Thus, in order to challenge the BOP's calculation of his time-served credits, Croone must first exhaust his administrative remedies through the BOP grievance process. It is only after doing so, that Croone would be able to request relief from this Court under 28 U.S.C. § 2241. *Id.* at *2; *see also United States v. Dowell*, 16 F. App'x 415, 420 (6th Cir. 2001) ("Although a prisoner may seek judicial review of the computation of this credit under 28 U.S.C. § 2241, he may do so only after he has sought administrative review and has exhausted all of his administrative remedies."). Here, Croone has not demonstrated to this Court that he has exhausted his administrative remedies through the BOP, nor has he filed a filed a habeas petition under 28 U.S.C. § 2241. Additionally, because Croone is confined in the Southern District of West Virginia, he must seek relief in that jurisdiction. *United States v. Stanley*, 2022 WL 17881554, at *1 (6th Cir. Dec. 20, 2022) ("[A] § 2241 petition must be filed in the judicial district where the prisoner is confined."). Accordingly, this Court cannot grant Mr. Croone the relief he seeks.

For the reasons set forth above, the Motion (ECF No. 39) is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: August 7, 2026**